HADLOCK, P. J.
*57 Defendant appeals a judgment convicting him of first-degree sodomy with a firearm, ORS 163.405, ORS 161.610(2), unlawful use of a weapon with a firearm (UUW with a firearm), ORS 166.220, coercion with a firearm, ORS 163.275, and fourth-degree assault, ORS 163.160.[1] He raises two assignments of error on appeal, the second of which we reject without discussion.[2] We write only to address defendant's first assignment of error, in which he contends that the trial court erred when, pursuant to ORS 137.123(5)(b), it imposed the sentence on his unlawful use of a weapon conviction consecutively to the sentence for his first-degree sodomy conviction.[3] It is undisputed that defendant committed both offenses when he threatened the victim with a firearm and used that firearm to forcibly compel the victim to engage in sodomy. The state, for its part, concedes that *58 under existing case law, the trial court erred by imposing the sentences consecutively.[4] As the state observes, because both offenses "were committed through identical conduct and the 'use or threatened use of a firearm' was an element of both offenses, the trial court lacked authority under this court's caselaw to impose the consecutive sentence." We agree. See State v. Provancha , 293 Or. App. 169, 176, 428 P.3d 916 (2018) (where defendant attacked victim, striking her several times with a baseball bat, the trial court could not impose a sentence for second-degree assault consecutive to a sentence for attempted murder under ORS 137.123(5)(b) *950 where "the record [did] not support a determination that [the] defendant's assault offense caused or risked greater or qualitatively different harm to the victim than that caused by the attempted murder offense" (internal quotation marks omitted)); State v. Edwards , 286 Or. App. 99, 109, 399 P.3d 463, rev den , 362 Or. 175, 406 P.3d 609 (2017) (where a defendant shot twice at a police officer, hitting him once in the leg, record did not support the imposition of consecutive sentences for attempted aggravated murder and first-degree assault because the "defendant's conduct underlying both offenses caused or risked precisely the same harms," to the victim: "death and physical injury"). Here, the evidence is that defendant used a firearm for the single purpose of forcing the victim to engage in sodomy, and there is no evidence to support a determination that the conduct underlying the UUW with a firearm offense caused or risked a different harm than using the offense of using a firearm to compel sodomy. Thus, the trial court erred in imposing defendant's sentence for UUW with a firearm sentence consecutively to the sentence for sodomy with a firearm.
Remanded for resentencing; otherwise affirmed.

As relevant here, a person who "engages in oral or anal sexual intercourse with another person or causes another to engage in oral or anal sexual intercourse commits the crime of sodomy in the first degree" if the "victim is subjected to forcible compulsion." ORS 163.405.
A person commits the crime of unlawful use of a weapon, as charged here, if the person "[a]ttempts to use unlawfully against another, or carries or possesses with intent to use unlawfully against another, any dangerous or deadly weapon as defined in ORS 161.015." ORS 166.220.
Furthermore, the
"use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an element in aggravation of the crime ***. When a crime is so pleaded, the aggravated nature of the crime may be indicated by adding the words 'with a firearm' to the title of the offense."
ORS 161.610(2).

In his second assignment of error, defendant asserts that the trial court plainly erred in accepting the jury's nonunanimous verdict on the first-degree sodomy with a firearm charge.

ORS 137.123(5)(b) provides:
"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:
"* * * * *
"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

Although the state concedes that the trial court erred in imposing consecutive sentences in light of our interpretation of ORS 137.123(5)(b), it also contends that our case law was incorrectly decided. The state does not, however, argue or demonstrate that our cases are "plainly wrong" under the standard set forth in State v. Civil , 283 Or. App. 395, 417, 388 P.3d 1185 (2017) (explaining that we will overrule a prior decision only if it is "plainly wrong," a "rigorous" standard that is "satisfied only in exceptional circumstances"). Thus, we do not accept the state's apparent invitation to revisit our prior cases.